UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NOVADX VENTURES, CORP., and MCOAL CORP., | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) |
| v. | ) ) |
| GRESS ENGINEERING, P.C., | ) ) ) |
| Defendant/Counterclaim Plaintiff | ) ) |
| GEORGE ALEX SMITH, | ) ) |
| Defendant. | ) |

Civil No. 12-78-GFVT

**MEMORANDUM OPINION
&
ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kentucky is home to many "Friends of Coal," as announced by thousands of license plates throughout the Commonwealth. The extraction of coal, however, is not without controversy, but those battles generally involve environmental issues. That is not the case here. Instead, this conflict is about the diligence and effort expended in estimating the quantity and quality of coal available for mining. Accurate estimates result in profits for all; inaccurate estimates result in litigation.

This litigation is in its infancy, and the matter now before the Court is Plaintiffs' Motion to Dismiss Defendant Gress Engineering's (Gress) counterclaim. Because there is an actual conflict of laws and Kentucky's law is the proper law for this case, Plaintiffs' Motion will be GRANTED.

**I**

Plaintiffs Novadx Ventures (Novadx) and MCoal, a Novadx subsidiary, are Canadian corporations; Gress is a Virginia corporation with the same principal place of business; George Smith, who is not a party to the counterclaim but who is the principal in Gress, [R. 18 at 3] is domiciled in West Virginia. [R. 1 at 2.] The dispute between these parties arose from Novadx and MCoal's purchase of Tiacme, LLC and attempted purchase of Ikerd Mining, LLC—two companies that possessed coal reserves, among other assets. [R. 1 at 2-4.] Gress and Smith became involved when they were retained by Plaintiffs to prepare a "final formal report assessing, among other things, the quantity and quality" of Tiacme's and Ikerd's coal reserves. [R. 1 at 3-4.] Plaintiffs' assert several claims, but the essential allegations are that Gress and Smith acted negligently in gathering data, resulting in the reporting of inaccurate information. [R. 1.]

Gress's counterclaim is based on two interconnected Virginia statutes, §18.2-499, 500, that create a cause of action when individuals conspire "to injure others in their reputation, trade, business or profession." Va. Code §18.2-499. The factual basis for Gress's counterclaim arises from Plaintiffs' failed transaction to purchase Ikerd Mining, which owned coal reserves in several Eastern Kentucky counties [R. 1 at 5]. It is alleged that Neil MacDonald, Plaintiffs' CEO, worked with Mike Heims, an Ikerd employee, to provide Gress with "inaccurate information and data relating to the coal lands under lease to Ikerd." [R. 11 at 8-9.] That information, and controversially only that information, was used by Gress to calculate Ikerd's coal reserves. [*Id*.] This fact was disclosed by Gress to MacDonald according to the counterclaim. [*Id*. at 9.]

Gress's calculations were used in a report that Plaintiffs filed with Canadian regulators. [*Id*. at 9-10.] This report was required by Canadian law because of the purchase of Ikerd. [*Id*. at 9.] It was later discovered that the information in the report was wrong. [*Id*. at 9-10.] In a series of events that is not explained in the counterclaim and is unclear to the Court, the filing of the report and Plaintiffs lawsuit caused Gress "significant economic damage." [*Id*. at 10.]

## II

Although Plaintiffs' Motion to Dismiss is before the Court, an interrelated choice of law issue must be addressed first. Neither party specifically requested that the Court issue a declaration about the jurisdiction's law that will be used, but the issue is sufficiently addressed by the parties.

An actual conflict between two states' laws is a prerequisite to a choice of law analysis. *Armstrong v. U.S. Fire Ins. Co.*, 606 F. Supp. 2d 794, 802 (E.D. Tenn. 2009) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985)). But for an actual conflict, the forum state's law should be applied. *Id*. (citing *Shutts*, 472 U.S. at 816.) When an actual conflict is present, then a court sitting in diversity, as the Court is here, [R. 1 at 2] applies the choice of law rules of the forum state. *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir. 1982) (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487 (1941)).

Kentucky's choice of law rules are different for tort and contract claims, and the Court finds that Gress's claim sounds in tort. [*See* R. 17-1 at 8 (citing *Hilb Rogal & Hobbs Comp. v. Risk Strategy Partners, Inc.*, 2006 WL 5908727, at *5 (E.D. Va. Feb. 10, 2006)); R. 18 at 11-12.] As has been noted many times before, Kentucky has a strong preference for selecting its law in tort actions. *See Adam v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 230-31 (6th Cir. 1997) (citing

3

*Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972); *Arnett v. Thompson*, 433 S.W.2d 109, 113 (Ky. 1968)) *overruled on other grounds by Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538 (6th Cir. 2012); *see also MW Universal, Inc. v. G5 Capital Partners, LLC*, 2012 WL 588743, at *3 (E.D. Ky. Feb. 21, 2012). *Foster* defined the Kentucky's position: "if there are significant contacts—not necessarily the most significant contacts—with Kentucky, the Kentucky law should be applied." 484 S.W.2d at 829.

### A

An actual (or true) conflict "exists when two or more states have a legitimate interest in a particular set of facts in the litigation and the laws of those states differ or would produce a different result." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir. 2009) (quoting *Estate of Miller ex rel. Miller v. Thrifty Rent-A-Car System, Inc.*, 609 F. Supp. 2d 1235, 1244 (M.D. Fla. 2009)). Here, an actual conflict is present. Virginia recognizes a claim for conspiracy to injure another's business while Kentucky does not. *See In re Air Crash Disaster*, 86 F.3d 498, 542 (6th Cir. 1996) (analyzing a conflict in which Minnesota law recognized a claim that Michigan did not); *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 2008 WL 631238, at *3 (E.D. Ky. Mar. 5, 2008) (analyzing a conflict in which New York recognized a claim that Kentucky did not). To the extent Kentucky recognizes a similar cause of action, the remedies are different and Kentucky's cause of action is based on common law. [R. 18 at 6-11.] *See Moore v. Weinstein Company, LLC*, 2012 WL 1884758, at *28-30 (M.D. Tenn. May 23, 2012) (holding that an Arizona common law cause of action and a Tennessee statutory cause of action with different remedies, among other differences, were in conflict).

Accordingly, Kentucky's choice of law rules must be used to ascertain whether Virginia

or Kentucky law is determinative. Among the factors to be considered in determining a significant relationship, the *Restatement (Second) of Conflict of Laws* § 145 suggests, "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."[1] *See Republic Servs., Inc. v. Liberty Mut. Ins. Co.*, 2007 WL 152102, at *2 (E.D. Ky. Jan. 12, 2007). There is little question that this matter has a significant contact with Kentucky. The *sine qua non* of this action is Ikerd's Kentucky coal reserves. Furthermore, Mike Heims, a Kentucky resident, is accused of transmitting the "bogus and inaccurate" information from Kentucky to Gress. [R. 18 at 4-5.]

Given Kentucky's preference for use of its own law, the aforementioned contacts justify using Kentucky law. Consequently, Gress's counterclaim under Virginia law will be dismissed. *See Northwest Airlines, Inc. v. Astrea Aviation Servs., Inc*., 111 F.3d 1386, 1392 n.4 (8th Cir. 1997) (affirming the district court's decision to dismiss a claim based on a Texas statute when Minnesota law was ruled determinative); *Beydoun v. Clark Constr. Int'l., LLC*, 72 F. App'x 907, 916 n.5 (4th Cir. 2003) (affirming district court's decision to dismiss a claim based on the Virginia statute involved in this action when Michigan law was ruled determinative).

**B**

In the event that the Court dismissed Gress's counterclaim, it requested leave to file an amended pleading. [R. 18 at 16-17.] Federal Rule of Civil Procedure 15(a)(2) advises that a

---

[1] Note that § 145's "most significant relationship" standard is not being used by the Court. The factors proffered therein, nevertheless, provide a useful framework.

pleading may be amended with the court's leave, and leave should be freely given when justice so requires. In light of the declaration the Court has made through this Order, Defendants should be given an opportunity to assert a claim under Kentucky law. Defendants are advised, however, that the cases it cited in support of the existence of a claim for civil conspiracy under Kentucky law are dated. [R. 18 at 8.] More recent cases explicating the required elements for asserting such a claim include *James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002) and *Clark v. Bucyrus Int'l*, 2010 WL 996471 (E.D. Ky. 2010), as well as the cases cited therein.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Plaintiffs' Motion to Dismiss [R. 17] is **GRANTED**;

(2) Defendant Gress will be granted leave to amend its pleading to assert a counterclaim under Kentucky law. The amended pleading must be filed within fourteen (14) days of the filing of this Order.

This 4th day of March, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge